UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| WAYNE GROSS,<br><br>Petitioner,<br><br>v.<br><br>DEBORAH A. HICKEY, *Warden*,<br><br>Respondent. | No. 5:11-CV-00169-KSF<br><br>**MEMORANDUM OPINION AND ORDER** |

***** ***** ***** *****

Wayne Gross, confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 2]. As Gross has paid the $5.00 filing fee,[1] the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

Gross alleges that his 248-month federal sentence violates the Due Process Clause of the United States Constitution because it was improperly calculated and improperly enhanced under

---

1 Gross paid the $5.00 filing fee on June 6, 2011, [R. 5], but on June 9, 2011, he then filed a motion to proceed *in forma pauperis*, [R. 7]. That motion will be denied as moot.

2 The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e). Under the ACCA, a person is considered an armed career criminal if the present conviction is for a violation of § 922(g), and he has at least three prior convictions for a violent felony or a serious drug offense, or both, which were committed on different occasions. The ACCA requires a five-year sentence for one convicted of using a firearm in connection with a drug transaction.

Because Gross does not allege that he is actually innocent of the federal drug possession and firearm offenses to which he pleaded guilty in 2003, or is otherwise entitled to relief under § 2241, his petition will be denied, and this action will be dismissed with prejudice.

## FEDERAL CONVICTION AND PRIOR COLLATERAL CHALLENGE

On December 11, 2003, Gross pled guilty to possession of a firearm while unlawfully using controlled substances, in violation of 18 U.S.C. § 922(g)(3); possession of more than five grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). *United States v. Gross*, 4:03-cr-0039-CEJ-1 (E. D. Mo.) (the "District Court"). At the same time, Gross also signed a document titled "Plea Agreement, Guidelines Recommendations and Stipulations." The Plea Agreement recited the minimum and maximum statutory penalties for each offense and contained a provision stating that Gross' criminal history could result in his being designated an armed career criminal under the ACCA.

On April 2, 2004, the District Court imposed concurrent 188-month prison terms on the §922(g)(3) firearm possession and the § 841(a)(1) drug offenses, and also sentenced Gross,

under the ACCA, to a consecutive 60-month prison term on the § 924(c)(1) offense, resulting in an aggregate sentence of 248 months. *Id*., [R. 48].[3] Gross did not appeal that judgment.

On March 25, 2005, Gross filed a motion in the District Court to vacate his sentence under 28 U.S.C. § 2255. *Gross v. United States*, No. 4:05-CV-488-CEJ (E.D. Mo). Gross argued that his trial counsel had been ineffective for failing to advise him that his sentence could be enhanced under the ACCA, and for ignoring his instruction to appeal his sentence. He also argued that at sentencing, the District Court violated *United States v. Booker*, 543 U.S. 220 (2005), by impermissibly relying on aggravating factors not charged in the indictment.

The District Court rejected Gross' Sixth Amendment claim of ineffective assistance of counsel as to the alleged failure to inform him of the possibility of the enhanced sentence, finding that Gross had not shown any prejudice resulting from the alleged omission. *Gross v. United States*, No. 4:05-CV-488-CEJ, 2001 WL 880168 (E.D. Mo. March 31, 2008). The District Court noted: (1) that Gross had stated under oath during the change of plea colloquy that he had read the Plea Agreement which disclosed not only the minimum and maximum statutory penalties for each offense, but also a provision stating that his criminal history could result in his classification as an armed career criminal under the ACCA; (2) that Gross stated under oath that

---

[3] The District Court enhanced Gross' sentence under § 924(e), presumably because of his prior federal drug convictions in *United States v. Gross*, No. 4:91-CR-85-WLH (E.D. Mo.). In his § 2241 petition, Gross stated that in the 1991 federal proceeding, he was convicted of drug sales of 1.2 grams of powder cocaine and 3.0 grams of cocaine base (specifically, .85 grams, .99 grams, and 1.16 grams) on four separate dates over a one month period in January 1991, and that he received a 33-month sentence. *See* § 2241 Petition, 5:11-CV-160-HRW, [D. E. No. 2, pp. 2-3]. Gross also attached a copy of the Indictment from his 1991 federal criminal proceeding, charging him with violating 21 U.S.C. § 841(a)(1) on all four drug trafficking counts. *Id*., [D. E. No. 2-2, pp. 7-9].

he had discussed the Plea Agreement with his counsel; and (3) that Gross stated under oath that he (Gross) understood the Plea Agreement. The District Court also explained that it had informed Gross he could be sentenced to a minimum of fifteen years in prison and Gross had again responded under oath that he understood the possible penalties he was facing. "Despite knowledge of the enhanced penalty, Gross persisted in his guilty plea. He makes no contention now that he would have insisted on going to trial but for counsel's error." *Gross*, 2008 WL 880168, at *2.

The District Court also denied Gross' *Booker* claim, that at sentencing it had impermissibly relied on aggravating factors not charged in the indictment, explaining that *Booker* does not apply retroactively on collateral appeal. *Id*. at *3. But it granted Gross relief on one claim, that his attorney ignored his instruction to file a Notice of Appeal of his sentence, and ordered a re-sentencing for the sole purpose of allowing Gross to appeal his sentence. *Id*., at *2.

On June 20, 2008, the District Court re-sentenced Gross, but imposed the same 248-month aggregate sentence it had imposed in April 2004. Gross immediately appealed, but on July 15, 2008, the Eighth Circuit Court of Appeals summarily affirmed the judgment. After that, Gross did not file another § 2255 motion to vacate his sentence. In May 2009, Gross filed a motion seeking post-judgment relief under Federal Rule of Criminal Procedure 32, asking to be re-sentenced. In February 2011, the District Court summarily denied that motion.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Gross alleges that the District Court improperly enhanced his current federal sentences under the ACCA, thus depriving him of due process of law in violation of the Fifth Amendment of the United States Constitution. He argues that three cases, *United States v. Rodriquez*, 553 U.S. 377 (2008), *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), and *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514 (1992), cause his 1991 drug convictions no longer to constitute predicate offenses for the enhancement of his current sentences under the ACCA. Gross contends that these cases apply retroactively and render him "actually innocent" of being an armed career offender under the ACCA.

Gross also appears to allege that the District Court incorrectly determined that he was subject to a 15-year mandatory minimum sentence under the United States Sentencing Guidelines ("USSG"), and thus improperly sentenced him to two concurrent 188-month sentences for possessing more than 5 grams of cocaine and for possessing a firearm while being an unlawful user of a controlled substance.

## DISCUSSION

### 1. 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn. August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

In his § 2255 motion, Gross did not challenge either the imposition of the two concurrent 188-month sentences or the imposition of the sixty-month consecutive sentence stemming from the § 924(c)(1) firearm/drug trafficking offense. Further, Gross did not specifically challenge the District Court's ACCA enhancement of his current 248-month sentence on the grounds that his prior 1991 convictions did not constitute predicate offenses under § 924(e)(1). In his § 2255 motion, Gross alleged *only* (1) that his attorney had rendered ineffective assistance for allegedly failing to inform him that his sentence could be enhanced under the ACCA, and for allegedly failing to appeal his sentence, and (2) that the *Booker* case applied to him retroactively.

Gross now claims in his § 2241 petition that because none of his 1991 federal drug convictions carried a ten-year maximum penalty, they did not constitute "serious drug offenses" and therefore could not have qualified as predicate offenses for enhancing his current sentences

under the ACCA.[4] Gross alleges that the District Court should have instead sentenced him to no more than ten (10) years (120 months) under 18 U.S.C. § 924(a)(2). Gross' claim is therefore a challenge of his sentence, which he could or should have raised either when he filed his § 2255 motion, or at a minimum, in another § 2255 motion after he was re-sentenced in 2008. Nothing prevented Gross from arguing either in his § 2255 motion filed in March 2005, or in a new § 2255 motion after being re-sentenced in 2008 that because his prior 1991 drug offenses did not carry a ten-year penalty, they did not constitute "predicate offenses" under the ACCA.

Gross also appears to allege for the first time that the District Court improperly applied a 15-year mandatory minimum sentence to both his § 841(a)(1) drug offense and his § 922(g)(3) firearm offense, improperly sentenced him to two 188-month concurrent sentences on those charges, and failed to apply the proper federal sentencing guidelines. Again, this claim constitutes nothing more than a challenge to his sentence, and the manner in which it was calculated, which Gross could or should have asserted either in March 2005 or after being sentenced in June 2008.

The remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d 756-758. Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id*. at 758. Gross' failure to challenge the calculation

---

[4] Gross alleged that as to his prior 1991 drug convictions, he could have received ". . . at best 63 to 78 months imprisonment for his relatively small amounts of crack cocaine. . . which do not qualify under 18 U.S.C. § 924(e)(1) by meeting the ten year requirement." *See* § 2241 Petition, [D. E. No. 2, p. 2]. In his Memorandum of Law, Gross reiterated "These relatively small amounts of cocaine; 1.16 grams; .85 grams; .99 grams; and 1.23 grams could never trigger a ten-year sentence of imprisonment." [D. E. No. 2-1, p. 4]

and imposition of his two concurrent 188-month sentences, including the ACCA enhancement, in a § 2255 motion did not render his § 2255 remedy inadequate or ineffective to challenge his federal detention. Regardless of Gross' failure to challenge any aspect of his current sentence in a § 2255 motion, his efforts to do so in this § 2241 proceeding fail on the merits.

As the District Court explained in its March 31, 2008, Order denying the § 2255 motion, Gross admitted under oath when he pleaded guilty to the drug and firearm offenses that he understood that his criminal history could result in his designation as an armed career criminal under the ACCA, *and* a 15-year mandatory minimum prison term. Accordingly, Gross' guilty plea to these offenses was knowing, voluntary, and intelligent. *United States v. Schwinn*, 270 F. App'x 464, 2008 WL 763174, at *1 (8th Cir. March 25, 2008); *United States v. Bahena*, 223 F.3d 797, 806-07 (8th Cir. 2000).

Regardless of his guilty plea, however, Gross now alleges that his four 1991 federal drug convictions did not constitute "serious drug offenses" under the ACCA, because none of them carried the maximum ten-year penalty. The applicable federal statutes in effect in 1991 refute this argument. In 1991, Title 21 U.S.C. § 841(a)(1) made it unlawful to possess with intent to distribute a controlled substance. *Id*., (1988 *ed*; Suppl. III, Jan.3, 1989-Jan. 2, 1992). In 1991, both cocaine and cocaine base ("crack cocaine") constituted controlled substances under federal law. *See* 21 U.S.C. § 802(6) (1988 *ed*.); 21 U.S.C. § 812, Schedule II(a)(4) (1988 *ed*.)(as amended; *see also*, 21 C.F..R. §1308.12(b)(4) (revised April 1, 1991) (listing in schedule II "[c]oca leaves [ ] and any salt, compound, derivative or preparation of coca leaves (including cocaine ... and [its] salts, isomers, derivatives and salts of isomers and derivatives), and any salt,

compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances").

And in 1991, Title 21 U.S.C. § 841 (b)(1)(C) provided that a person who possessed a controlled substance with intent to distribute, ". . . shall be sentenced to a term of imprisonment of **not more than 20 years** . . . ." *Id*., (1988 *ed*.) (emphasis added). The amounts of cocaine and cocaine base which Gross possessed with intent to distribute in January 1991 were small, but contrary to his argument, each of his resulting four drug convictions in the 1991 criminal proceeding carried a maximum penalty of twenty (20) years, far greater than the ten (10) year maximum penalty required under the ACCA, at § 924(e)(2)(A)(i). Thus, Gross' argument that his four 1991 drug convictions were not "serious drug offenses," and thus do not qualify as predicate offenses under the ACCA, lacks merit.

Gross further claims that the twenty-year maximum penalty set forth in § 841(b)(1)(C) did not control his 1991 drug convictions. He argues that a pre-*Booker* mandatory guidelines sentence, which takes into account any changes in case law, was the maximum statutory sentence he could have received for his 1991 drug convictions. He reasons that because Congress authorized the Sentencing Commission to prescribe the sentencing guidelines and make the guidelines mandatory, the pre-*Booker* mandatory guidelines trumped the statutory punishment range, or at least superseded what would have otherwise been the statutory maximum punishment. *See* Petition, [R. 2, p. 4; R. No. 2-1, p. 5].

The Eleventh Circuit recently rejected the same argument, stating "To the extent of any inconsistency, the guidelines would have to bend to statutorily prescribed limits, not the other

way around." *Gilbert v. United States*, 640 F.3d 1293, 1307 (11th Cir. 2011) (citing USSG § 5G1.1(a)-(b)). *Gilbert* noted that numerous other courts had reached the same result. *See id*., (citing *United States v. Shimoda*, 334 F.3d 846, 849–50 (9th Cir. 2003) (rejecting defendant's argument that sentencing guidelines were "statutes of conviction" as that term was used in his plea agreement)); *United States v. Dawn*, 129 F.3d 878, 883 n. 8 (7th Cir. 1997) ("[T]he Sentencing Guidelines are not laws in the sense that penal statutes are."); *Mungiovi v. Chicago Hous. Auth*., 98 F.3d 982, 984 (7th Cir. 1996) ("[A]lthough the [Sentencing] Guidelines have the 'force of law,' they are not statutes."); *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993) (concluding that sentencing guidelines are not "laws" within the meaning of § 2255).

Because each of the federal drug trafficking offenses of which Gross was convicted in the 1991 criminal proceeding constituted a "serious drug offense" carrying a maximum sentence in excess of ten years, the District Court properly calculated and enhanced Gross' current sentences under the ACCA on April 4, 2004, and again on June 23, 2008, at re-sentencing.

**2. No Showing of Actual Innocence**

Gross alleges that he is "actually innocent" of being an armed career criminal offender. The savings clause of § 2255 can also implicate § 2241 when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), (requires "factual innocence," not mere legal insufficiency; *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant

must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Gross does not allege that after he was sentenced in 2004, or re-sentenced in 2008, new facts or evidence surfaced suggesting that he is actually innocent of being a felon in possession of a firearm, of possessing more than five grams of cocaine base with intent to distribute, or of carrying a firearm in relation to a drug trafficking crime, the three offenses to which he pleaded guilty and of which he was convicted. Gross merely challenges his ACCA-enhanced sentences, which is a claim of "legal innocence," not "actual innocence," of his underlying drug and firearm convictions. *See Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485 * 5 (E. D. Ky. May 26, 2004).

Gross' claim that he is "actually innocent" of being an armed career criminal offender lacks merit. First, one is not convicted of being an "armed career criminal." Rather, armed career criminal status merely allows a district court to enhance a federal sentence. Because innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense, a prisoner's § 2255 remedy is not an inadequate or ineffective method of challenging his federal detention. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F. 3d 263, 267 n. 7 (4th Cir. 2008); *Pryce v. Scism*, No. 1:10-CV-01680, 2011 WL 41883, at *4 (M. D. Pa. January 6, 2011); *McKelvey v. Rivera*, No. 4:10-422, 2010 WL 2985965, at *4 (D.S.C. June 18, 2010).

This Court has denied a prisoner's § 2241 petition claiming that the sentencing court improperly enhanced his federal conviction based upon a prior state conviction, and the Sixth

Circuit approved that approach. *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. July 29, 2009) *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (finding that the § 2241 petitioner did not assert a claim of actual innocence of the federal crime of which he was convicted, but instead alleged only that he was actually innocent of being a career offender). *See also*, *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at *4 (E. D. Ky. July 19, 2010) (denying a § 2241 petition challenging only an enhanced sentence); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at *4 (E. D. Ky. June 10, 2010) (same). Thus, the savings clause of § 2255 does not extend to a § 2241 petitioner, like Gross, challenging only his enhanced sentence and his status as a career offender, not the underlying criminal offenses of which he was convicted.

Gross further claims that three cases rendered subsequent to his current conviction and sentence apply retroactively to him and render him "actually innocent" of being an armed career criminal offender. The first case Gross cited, *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a § 2241 habeas corpus petition.

That decision, rendered on June 21, 2010, does not help Gross because the Eleventh Circuit subsequently vacated that opinion, heard the case *en banc*, and on May 19, 2011, affirmed the district court's denial of Gilbert's § 2241 petition. *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011). On rehearing, the Eleventh Circuit held that when a federal prisoner is challenging an enhanced sentence which does not exceed the statutory maximum, the savings clause in 28 U.S.C. § 2255(e) does not permit him to do so under § 2241, even when he could

not have raised that challenge in a § 2255 motion because of the §2255(h) bar against second and successive motions. *Id*., at 1319-23.[5]

Gross does not fit within the limited exception announced in the *en banc Gilbert* decision because his current sentence does not exceed the statutory maximum. His concurrent 188-month sentence on the § 841(a)(1) "possession with intent to distribute cocaine base" offense is less than the statutory maximum of 20 years (240 months) set forth in § 841(b)(1)(C). Further, 18 U.S.C. § 924(c)(1)(A)(i) required the District Court to impose a consecutive 60-month sentence for carrying a firearm in relation to a drug trafficking crime, so that aspect of Gross' sentence likewise does not exceed the statutory maximum. Thus, the Eleventh Circuit's *en banc* decision in *Gilbert* does not support Gross; it does just the opposite.

The second case Gross cited, *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514 (1992), provides no support for his § 2241 claim. *Sawyer* involved neither the savings clause of § 2255(e) nor federal sentencing guidelines errors. It involved a second or successive motion claiming constitutional error in a jury's determination that the petitioner should be sentenced to death. The question in *Sawyer* was when a constitutional error in capital sentencing would fit within the actual innocence exception. The Supreme Court held that the actual innocence exception applies to constitutional errors in capital sentencing only when the constitutional error

---

[5] The court explained that "a federal prisoner's right to have errors in the calculation of his sentence corrected is not without limits. After a case has passed the stage of a first § 2255 proceeding, the right to error correction is narrowly limited by principles of policy that reside in the finality of judgment neighborhood of the law- principles which further critically important interests." *Gilbert*, 640 F.3d at 1324.

resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed. *Id*. at 348–50, 112 S.Ct. at 2523–25.

As the Eleventh Circuit noted in *Gilbert*, federal courts have consistently limited *Sawyer*, and its exception to the rule against second and successive petitions claiming actual innocence of a sentence, to cases involving death penalty petitioners. *Gilbert*, 640 F.3d at 1320-21 (citing federal circuit court cases). "Because death is different, neither the Supreme Court nor this Court has ever applied the *Sawyer* actual innocence of the sentence exception except in death penalty cases, and the better view is that the exception does not apply to non-capital sentencing errors." *Gilbert*, 640 F.3d at 132; *see also Robinson v. United States*, No.7:10-98-HRW, 2011 WL 13719, at *3 (E.D. Ky. January 4, 2011) (finding that *Sawyer* did not support a § 2241 petition because it involved a death penalty petitioner who had been convicted in state court). Gross is not a death penalty petitioner, so he cannot avail himself of any relief that *Sawyer* might afford to a death penalty petitioner.

The third case Gross cited, *United States v. Rodriguez*, 553 U.S. 377, 128 S.Ct. 1783(2008), was rendered on May 19, 2008, while Gross' § 2255 motion was pending in the District Court. In *Rodriguez*, the Supreme Court held that the "maximum term of imprisonment of ten years or more ... prescribed by law" referred to in § 924(e)(2)(A)(ii) included any recidivist enhancements provided for under state law. *Id*. 553 U.S. at 393; 128 S. Ct. at 1787–93.

Between May 19, 2008, and May 31, 2008, Gross could have filed a motion asking the District Court to consider *Rodriguez*. Or, assuming that Gross either did not learn, or could not

reasonably have learned, of the *Rodriguez* opinion during that brief 11-day interim, he could have within the following year, *i.e.*, on or before May 18, 2009, asked the Eighth Circuit Court of Appeals for permission to file a successive § 2255 motion based on *Rodriguez*. *See* 28 U.S.C. § 2255(f)(3). Gross did neither.

Even had Gross taken either course of action, *Rodriguez* most likely would not have assisted him because it states that the ACCA requires that prior *state* sentences carry a 10-year maximum penalty. Gross' prior 1991 convictions for "serious drug offenses" violated *federal* law, *i.e.*, 21 U.S.C. § 841(a)(1), and as explained above, under § 841(b)(1)(C), each of his 1991 drug convictions carried penalties in excess of the ten-year maximum needed to enhance his current sentences under the ACCA. Thus, *Rodriguez* arguably does not assist Gross.

As Gross has not shown that he is actually innocent of his underlying convictions of possession with the intent to distribute cocaine base in violation of § 841(a)(l); being a felon-in-possession of a firearm while being an unlawful user of a controlled substance in violation of § 922(g)(3); and possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(l)(A), or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Gross' § 2241 petition will be denied, and this action will be dismissed, with prejudice.

**CONCLUSION**

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Petitioner Wayne Gross' motion to proceed *in forma pauperis*, [R. 7], is **DENIED** as **MOOT**;

(2) Gross' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D. E. No. 2], is **DENIED**;

(3) This action is **DISMISSED**, *sua sponte*, with prejudice; and

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Deborah A. Hickey, Warden, FMC-Lexington.

This January 27, 2012.




**Signed By:**

***Karl S. Forester*** KSF

**United States Senior Judge**